899 So.2d 469 (2005)
Michaelle A. SHERIDAN, Appellant,
v.
Michael J. SHERIDAN, Appellee.
No. 2D03-5539.
District Court of Appeal of Florida, Second District.
April 8, 2005.
*470 Allison M. Perry of Law Office of Allison M. Perry, P.A., Tampa, (withdrew after briefing), for Appellant.
Michaelle A. Sheridan, pro se.
Paul S. Maney of Maney, Damsker, Jones & Kuhlman, P.A., Tampa, for Appellee.
CANADY, Judge.
The mother, Michaelle A. Sheridan, appeals the trial court's order modifying child custody and awarding primary residential responsibility to the father, Michael J. Sheridan. We agree that the trial court erred when it modified custody. We therefore reverse the trial court's order.
The parties' child was born August 9, 1990. The parties divorced in 1995 in the State of Massachusetts. Pursuant to the parties' final judgment and settlement agreement, the court awarded the parties joint custody of their child, with the mother having physical custody.
In 1997, the mother and the child relocated to Tampa, Florida. On February 8, 2001, the father filed a petition to domesticate foreign judgment and for modification of child custody in the Hillsborough County circuit court. The court held hearings on the father's petition on March 12, 2003, and October 2, 2003. On November 19, 2003, the trial court entered its order granting the father's petition, and the mother filed a timely appeal thereafter.
To justify a modification of custody, the parent seeking the modification must meet an "extraordinary burden." Gibbs v. Gibbs, 686 So.2d 639, 641 (Fla. 2d DCA 1996). A two-part test is applied to determine whether the extraordinary burden is met. "The party requesting the modification must show first that there has been a substantial change in circumstances and, second, that these changed circumstances have resulted in such a detriment to the child that a modification would be in the best interests of the child." Burger v. Burger, 862 So.2d 828, 832 (Fla. 2d DCA 2003). The second part of this test is satisfied only when "the trial court finds that a change in custody will so clearly promote or improve the child's well-being to such an extent that any reasonable parent would understand that maintaining the status quo would be detrimental to the child's overall best interests." Gibbs, 686 So.2d at 641.
In this case, although it recognized the applicability of the extraordinary burden test, the trial court made no finding that the mother's actions constituted a detriment to the child. Moreover, the evidence presented at trial was insufficient to establish any such detriment. While testimony showed that the child had behavioral problems at school and that the child shoplifted during the pendency of the modification hearing, there was no evidence establishing a connection between these matters and any alleged substantial change in circumstances. See Burger, 862 So.2d at 832-33. Similarly, evidence that the mother had interfered with the father's visitation rights prior to 2000 was insufficient to establish the requisite detriment. The inadequacy of this evidence is demonstrated by the trial court's finding "that each parent at this time is cooperating with regard to visitation and [t]hat such visitation and *471 phone contact is likely to continue." See § 61.13(4)(c)(5), Fla. Stat. (2003).
Because the evidence failed to establish detriment to the child in connection with any alleged substantial change in circumstances, we reverse the trial court's order and remand with instructions to reinstate primary residential custody with the mother.
Reversed; remanded with instructions.
ALTENBERND, C.J., and STRINGER, J., Concur.